UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL, #61987 ) ) ) Plaintiff, ) ) vs. ) ) HOWARD SKOLNIK, *et al.*, ) ) Defendants. ) / | 3:10-cv-00675-ECR-RAM<br><br>**ORDER** |

On February 1, 2011, the court denied plaintiff's application to proceed *in forma pauperis* in this action because on at least three (3) occasions, the court has dismissed civil actions commenced by plaintiff while in detention for failure to state a claim upon which relief may be granted.[1] 28 U.S.C. § 1915(g). Before the court is plaintiff's motion to vacate court order due to court error (docket #5).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*

---

[1] *See Rowell v. Mr. Griegas, et al.,* 2:01-cv-00654-LDG-RJJ; *Rowell v. Clark County Detention Center, et al.*, 2:07-cv-01055-RLH-PAL; *Rowell v. Giannone, et al.*, 2:07-cv-01185-KJD-GWF. The court takes judicial notice of its prior records in the above matters.

*Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In his motion, plaintiff argues that the court has incorrectly assessed him three strikes. Plaintiff acknowledges that *Rowell v. Mr. Griegas, et al.,* 2:01-cv-00654-LDG-RJJ constitutes one strike. Plaintiff claims that *Rowell v. Clark County Detention Center, et al.*, 2:07-cv-01055-RLH-PAL should not constitute a strike. However, in that action, plaintiff's complaint was dismissed for failure to state a claim for which relief may be granted (2:07-cv-01185-KJD-GWF, docket #4). Finally, in *Rowell v. Clark County Detention Center, et al.*, 2:07-cv-01055-RLH-PAL, plaintiff is correct that the court dismissed his complaint with leave to amend. However, that complaint was dismissed for failure

1 to state a claim for which relief may be granted, albeit with leave to amend. Plaintiff did not file an
2 amended complaint; instead he voluntarily dismissed the case (2:07-cv-01055-RLH-PAL, docket #4).
3 Courts have held that when a plaintiff's complaint has been dismissed for failure to state a claim for
4 which relief may be granted with leave to amend and the plaintiff voluntarily dismisses the action, that
5 the plaintiff is entitled to have his action dismissed without prejudice, but that he may be required to
6 "shoulder the consequences." *Sumner v. Tucker*, 9 F.Supp.2d 641, 644 (E.D.Va. 1998) (assessing a
7 strike pursuant to 28 U.S.C. § 1915(g) when an inmate plaintiff voluntarily dismissed instead of filing
8 an amended complaint). It would frustrate the system if an inmate was allowed to exploit the system
9 by filing a meritless action and waiting until after it was reviewed to move for its dismissal. *Id*. Finally,
10 the court notes that an order dismissing a complaint for failure to state a claim for which relief may be
11 granted need not explicitly assess a strike under 28 U.S.C. § 1915(g) in order to count as such. *See, e.g.,*
12 *Andrews v. King*, 389 F.3d 1113 (9th Cir. 2005) (reviewing whether district court's assessment of
13 plaintiff's litigation history accurately counted his "strikes").

14 Accordingly, plaintiff has failed to make a showing under either Rule 60(b) or 59(e) that
15 this court's order denying his motion to proceed *in forma pauperis* should be reversed.

16 **IT IS THEREFORE ORDERED** that plaintiff's motion to vacate court order (docket
17 #5) is **DENIED.**

20 Dated this 16th day of February, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE